**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 20-3430 and 21-1544

_____

UNITED STATES OF AMERICA

v.

TROY WRAGG,
Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. Nos. 2:15-cr-00398-001)
District Judge: Hon. Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 22, 2021

(Filed: September 29, 2021)

Before:  JORDAN, PORTER and RENDELL, *Circuit Judges*.

_____

O P I N I O N*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Troy Wragg appeals the District Court's orders denying his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Because the District Court did not abuse its discretion in denying Wragg's motions, we will affirm its orders.

I.

In 2017, Wragg pled guilty to various criminal counts stemming from his role as the leader of a massive $54 million fraud scheme. Before his sentencing, while on pretrial release, Wragg engaged in additional fraudulent conduct. The Government charged him by Information for this additional fraudulent conduct, and he later pled guilty to yet another count of wire fraud. In 2019, the District Court sentenced Wragg to 264 months imprisonment, five years of supervised release, and ordered him to pay more than $54 million in restitution.

On May 13, 2020, Wragg filed a motion for compassionate release. He argued that his medical conditions, including his obesity, seizure disorder, and hypertension greatly increased the risk that he would develop complications were he to contract COVID-19. The District Court denied the motion. The District Court concluded that Wragg "ha[d] not shown extraordinary and compelling reasons for his release" and, even if he could show such extraordinary and compelling reasons, "the relevant Section 3553(a) factors counsel[ed] against a reduction or modification of his sentence." App. 22; see 18 U.S.C. § 3553(a) (setting forth factors to be considered in imposing a sentence). Wragg appealed the District Court's order, but voluntarily withdrew his

2

appeal. On November 2, 2020, he filed a second motion for compassionate release in the District Court.

In his second motion for compassionate release, Wragg alleged his seizure disorder had worsened and that he tested positive for COVID-19. The District Court denied this second motion. It denied the motion for two reasons: "first, [Wragg] failed to present an extraordinary and compelling reason for his compassionate release, and second, the applicable § 3553(a) factors do not warrant such release." App. 30 n.1. As for the second reason, the District Court explained that "as discussed in the Opinion . . . denying his first compassionate release motion," "the § 3553(a) sentencing factors . . . continue to heavily weigh against Defendant's compassionate release." App. 31 n.1. The District Court continued:

> [T]he nature and circumstances of Defendant's offense and his history and characteristics, particularly his criminal recidivism weigh against his release. Defendant pled guilty to ten counts of wire fraud, securities fraud, and conspiracy; he subsequently pled guilty to an additional wire fraud offense that occurred during his pretrial release for his initial offenses. These offenses involve a Ponzi scheme led by Defendant in which hundreds of victims were defrauded. He owes $54,532,488.57 in restitution to his victims.
>
> Furthermore, Defendant's release after serving only two years of his twenty-two-year sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment, afford adequate deterrence nor protect the public from further crimes by Defendant.

App. 31 n.1 (internal citations omitted). Wragg appealed this order and his appeal was docketed at No. 20-3430.

While his appeal was pending, Wragg filed a third motion for compassionate release in the District Court. He alleged that he "suffer[ed] from new ailments" and was experiencing ongoing COVID-19 symptoms. App. 37 n.1. The District Court denied this third motion for compassionate release. It concluded that it lacked jurisdiction because Wragg's appeal of its earlier order divested it of jurisdiction. Despite "this jurisdictional impediment," the District Court further denied Wragg's motion "on the merits." App. 35 n.1. On the merits, the District Court concluded, as it had twice before, that Wragg failed to show extraordinary and compelling reasons to justify his release, and, regardless, the § 3553(a) sentencing factors weighed against his release. Wragg appealed the denial of his third motion and his appeal was docketed at No. 21-1544.

The appeal from the denial of his second motion (No. 20-3430) and the appeal from the denial of his third (No. 21-1544) were consolidated for disposition.[1]

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion for compassionate release for abuse of discretion. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will not disturb the District Court's decision 'unless there is a definite and firm conviction that [it] committed a clear error of judgment in the

---

[1] As these appeals were consolidated, Wragg's underlying second and third motions for compassionate release were based on substantially similar grounds, and Wragg contends the District Court committed the same errors in denying both motions, the following discussion applies equally to Wragg's appeal of both orders.

4

conclusion it reached upon a weighing of the relevant factors.'" Id. (citing Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

III.

Wragg contends that the District Court abused its discretion in two ways. First, he argues that the District Court abused its discretion in concluding that his medical ailments did not constitute extraordinary and compelling reasons to warrant his immediate release. Second, he argues that the District Court abused its discretion in weighing the § 3553(a) factors and concluding that those factors weighed against his release. Based on these alleged errors, Wragg urges this Court to remand the matter to the District Court and take the additional step of assigning a new judge to handle the case on remand. We disagree.

Under § 3582(c)(1)(A), a district court "may reduce [a prisoner's] term of imprisonment . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). "But before granting compassionate release, a district court must 'consider[] the factors set forth in [§ 3553(a)] to the extent that they are applicable.'" Pawlowski, 967 F.3d at 329 (quoting 18 U.S.C. § 3582(c)(1)(A)) (emphasis added). In short, a showing of "extraordinary and compelling reasons" is necessary for a prisoner to be eligible for, but insufficient to entitle the prisoner to, relief under § 3582(c)(1)(A)(i). See Pawlowski, 967 F.3d at 330 (assuming that a prisoner established "extraordinary and compelling reasons" for release,

5

but, nevertheless, affirming the district court's order denying relief because the § 3553(a) factors weighed against granting relief).

Here, we conclude that the District Court was well within its discretion to deny Wragg's motions for compassionate release because it was clear from the District Court's analysis that the § 3553(a) factors weighed "heavily . . . against [his] compassionate release." App. 31 n.1; see App. 38 n.1 (reaching the merits of Wragg's third motion for compassionate release and similarly concluding that "Defendant's offense and his history and characteristics continue to heavily weigh against Defendant's compassionate release"). Indeed, because the § 3553(a) factors weighed so heavily against Wragg's release, we need not address the District Court's analysis and rejection of Wragg's proffered extraordinary and compelling reasons.

Among other things, in denying both Wragg's second and third motions, the District Court considered the seriousness of Wragg's offenses (including a massive $54 million fraud involving hundreds of victims) and it considered that releasing Wragg "after serving only two years of his twenty-two-year sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment, afford adequate deterrence, nor protect the public from further crimes by Defendant." App. 38 n.1; see also App. 31 n.1 (evaluating the § 3553(a) factors before concluding that the factors weighed against Wragg's release). The District Court did not err when it considered the amount of time remaining in Wragg's sentence. See Pawlowski, 967 F.3d at 330-31 (concluding that it is proper for a district court to consider the amount of time remaining to be served in a prisoner's sentence). And the District Court did not err in

concluding that Wragg's immediate release would not serve to protect the public from further crimes. Indeed, Wragg's initial sentence was imposed not only for his offenses related to orchestrating the massive $54 million fraud, but also for the discrete fraud offense he committed while on pretrial release.

We decline to disturb the District Court's decision here having no "definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (citing Oddi, 234 F.3d at 146).

## IV.

For these reasons, we will affirm the District Court's orders.